COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


OTIS L. TINSLEY, JR.

                                    MEMORANDUM OPINION*
v.    Record No. 0728-00-3              PER CURIAM
                                     FEBRUARY 27, 2001
VIRGINIA MIRROR COMPANY, INC. AND
 NATIONAL SURETY CORPORATION


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Otis L. Tinsley, pro se, on brief).

             (Christopher M. Kite; Frith, Anderson &
             Peake, P.C., on brief), for appellees.


     Otis L. Tinsley (claimant) contends that the Workers'

Compensation Commission erred in finding that he failed to prove

that back surgery proposed by Dr. Joel Singer was causally

related to his compensable June 11, 1996 injury by accident.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

sustained his burden of proof, the commission's findings are

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

binding and conclusive upon us. See <u>Tomko v. Michael's</u>

<u>Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that claimant failed to prove that the proposed

surgery was causally related to his compensable injury, the

commission found as follows:

> [W]e note Dr. [Matthew W.] Yates' MRI
> report, that shows a degenerative disc
> condition that is essentially unchanged from
> the previous June 21, 1996, study. Dr.
> Singer in his initial medical report,
> advised that the claimant had a new
> herniated disc at L4-5 and a recurrent
> herniated disc at L5-S1. His report of
> April 30, 1998, indicated that the claimant
> did not remember when this happened. This
> report makes no statement as to the causal
> connection to the industrial accident. Dr.
> Singer, however, in his May 13, 1998, letter
> written in response to a call from claimant,
> indicates that he meant in his previous
> report to say that the claimant did not have
> a new injury but a recurrent pain secondary
> to workers' compensation related herniated
> disc.
>
> Based on the totality of the record, we
> cannot find that the doctor's subsequent
> statement sufficiently causally relates the
> claimant's need for surgery to his workers'
> compensation accident within the requisite
> degree of certainty. At best, the doctor
> indicates that the claimant is having
> recurrent pain secondary to a herniated
> disc. In view of the doctor's earlier note
> indicating that the claimant had a new
> herniated disc at L4-5, and without further
> explanation for his change in opinion to say
> there was no new injury, we cannot find that
> the claimant has established the requisite
> causal connection between the proposed
> surgery and the workers' compensation
> accident.

In its role as fact finder, the commission was entitled to weigh the medical evidence. The commission did so and articulated its reasons for giving little probative weight to Dr. Singer's inconsistent and ambiguous opinions. In light of these reasons, the commission was entitled to conclude that Dr. Singer's opinions did not constitute sufficient evidence to prove that the proposed surgery was causally related to claimant's compensable injury. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

Absent Dr. Singer's opinions, no evidence proved a causal connection between the proposed surgery and claimant's compensable June 11, 1996 injury by accident. Accordingly, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.

For these reasons, we affirm the commission's decision.

Affirmed.

- 3 -